AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

### DISTRICT OF Massachusetts

UNITED STATES OF AMERICA

**V.**

Derrick L. Jones
26 Worcester Street, Apartment 410
Boston, Massachusetts

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 04-00008-LPC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___April 21 - July 25, 2003___ in ___Suffolk___ county, in the ___ District of ___Massachusetts___ defendant(s) did, (Track Statutory Language of Offense)

knowingly transport in interstate or foreign commerce, by any means including by computer or mails, any visual depiction, and knowingly possess one or more matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, by any means including by computer, the producing of such visual depiction having involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and such visual depictions being of such conduct.

in violation of Title ___18___ United States Code, Section(s) ___2252(a)(1) and (a)(4)(B)___ .

I further state that I am a(n) ___Special Agent, FBI___ and that this complaint is based on the following
Official Title

facts:

See Attached Affidavit

I have reviewed the images described in the attached Affidavit and find that there is probable cause to believe that they depict minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256

Lawrence P. Cohen
United States Magistrate Judge

Continued on the attached sheet and made a part hereof:       ☒ Yes       ☐ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

___August 4, 2004___                at                Boston, Massachusetts
Date                                                        City and State

Lawrence P. Cohen
United States Magistrate Judge
Name & Title of Judicial Officer                              Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT OF SPECIAL AGENT ROBERT J.E. BLACKMORE

I, Robert J.E. Blackmore, hereby depose and state as follows:

1.   I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") assigned to the Boston Division, and have been so employed for approximately four years.  My current assignment is to the Cyber Crimes Squad of the Boston Division. I have received specialized FBI training in both the investigation of computer and computer-related crimes and crimes involving the sexual exploitation of children.  As a member of the Cyber Crimes Squad my responsibilities include the investigation of various criminal offenses, including the investigation of crimes involving the sexual exploitation of children.  While employed by the FBI, I have participated in numerous investigations in which I have collected evidence in an electronic form.

2.   This affidavit is submitted in support of a criminal complaint and arrest warrant against Derrick L. Jones ("Jones"), for violations of Title 18, United States Code, Section 2252 (a)(1)(Transportation of Child Pornography) and Title 18, United States Code, Section 2252(a)(4)(B)(Possession of Child Pornography).

3.   The information set forth in this affidavit is based on investigation conducted by myself and other law enforcement agents.  It includes undercover operations targeting the

1

Internet, the execution of a search warrant, forensic examination of a computer and computer storage media, and the interview of Jones. This affidavit does not contain every fact known to me with respect to this investigation. Rather, it contains those facts I believe to be necessary to establish the requisite probable cause for the crimes charged.

### Relevant Statutes

4.    Title 18, United States Code, Section 2252(a)(1), makes it illegal for any person to knowingly transport or ship in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

5. Title 18, United States Code, Section 2252(a)(4)(B), makes it illegal for any person to knowingly possess one or more matter which contain any visual depiction that has been mailed, shipped, or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct; and such visual depiction is of such conduct.

6.    Title 18, United States Code, Section 2256 provides the definitions for Section 2252. A "minor" is any person under the

age of 18 years. "Sexually explicit conduct" includes actual or simulated sexual intercourse (including genital-genital, oral-genital, anal-genital, or oral-anal), bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person. A "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

7. For purposes of this affidavit, I will refer to any individual below the age of 18 as a "child" or "minor," and any visual depiction of a child or minor engaging in "sexually explicit conduct," as defined in Section 2256, as "child pornography."

## GENERAL BACKGROUND

8. The FBI, as well as numerous state and local law enforcement agencies, currently are conducting online undercover operations targeting individuals who use online telecommunications facilities ("the Internet") to transmit and receive child pornography and/or to lure children into illicit sexual relationships.

9. Based upon my knowledge and training, and the experience of other law enforcement personnel, I know that a computer's ability to store images in digital form makes them an ideal repository for child pornography. Images can be stored on

3

a computer's "hard drive," and/or on other computer media storage
devices, such as compact disks (CDs).  Hard drives and other
computer media storage devices have the capacity to store many
gigabytes of data, to include high resolution images.

10.    Based upon my knowledge and training, I know that:

a.    the Internet is a worldwide computer network that
connects computers and allows communications/data transfer across
state and national boundaries.

b.    users access the Internet via an Internet Service
Provider ("ISP") using various electronic devices, such as
computers, personal data assistants, and mobile phones.  The ISP
assigns each device with an Internet Protocol ("IP") address,
which is unique to a particular Internet access session.

c.    an individual can transport an image file from the
Internet or from another user's computer to his/her own computer,
so that the image file is stored in his/her computer.  The
process of transporting an image file to one's own computer from
the Internet is called "downloading."  The user can then display
the image file on his/her computer screen, and can "save" or
retain the image on his/her computer, and/or another storage
device, for an indefinite time period.  In addition to
permanently storing the image on his/her computer, the user may
print the image file. The finished product may appear as a
magazine quality picture to be stored or distributed to other

4

collectors.

d.    an individual can also transport an image file
that is retained on his/her computer to another individual or to
areas of the Internet where it can be accessed by other computer
users.   This process of sending an image file to another location
or computer via the Internet is called "uploading."   The process
of uploading is similar to the downloading process, except that
the user is sending the computer image file to the individual or
to the Internet as a whole instead of retrieving the information
from another computer.

e.    individuals commonly communicate with each other
over the Internet via electronic mail, known as "e-mail", which
can contain letter-type correspondence as well as attached files,
to include graphic images.   Another common method of Internet
communication is through the use of "chatrooms."   Chatrooms are a
real time method of communicating with individuals on-line, and
typically focus on a common topic or theme (such as the trading
of child pornography).   One of the most popular chatroom services
is known as "Yahoo!" chat.

f.    Yahoo! Chat is a proprietary Internet chat service
based on the premise of Internet Relay Chat (IRC).   IRC is a
commonly found method of communication available to Internet
users and is based on a client/server model, meaning that an IRC
software client is needed by the user in order to interact with

5

other users. Communication between users is made possible by using the IRC client software to connect to a network of computers known as IRC servers. These globally interconnected servers provide the transport level for user messages and data. The special IRC or chat software, known as the chat client, acts as the gateway to access the IRC servers. In order to chat, a user must initially create an on-line identity (commonly referred to as a screen name) and specifically choose a "chat channel" to connect to. An Internet chat channel focuses on a certain topic-related subject, normally advertised by the channel's name. After the user chooses a specific channel, the chat client is used to send and receive data to the IRC servers, which then distributes the data to other user's IRC clients who have chosen the same channel. The sender of the data can select whether the message is viewed by all users or by only certain users. Thus, it is possible to "chat" in a public forum or, more privately, user to user.

g. a user of an IRC network is identified to other users by a screen name that he or she selects. This identity may be any unique combination of characters and may be changed at any time. Because the user may enter anything as a screen name, IRC is a fairly anonymous form of communication. Also, aside from the system operators who ensure the proper operation of the servers, there is no regulating authority in control of this

6

communication medium.   The only identifying data over which the
user has no control is his or her IP address.   This address,
expressed as a string of four number sets separated by decimal
points, is unique to a particular computer during an online
session.

## BACKGROUND ON YAHOO! PERSONAL PROFILES

11.   Yahoo! offers users the ability to create and manage
their own personal profile pages, in which they can provide
personal information about themselves using text and images.
Within his or her personal profile page, a user may upload an
image of his or her choice, using one of three options: (1)
upload an image from the user's own hard drive/computer; (2)
choose from a predefined set of images that Yahoo! provides; or
(3) upload an image from a user's online "photo album," a service
Yahoo! provides to store and share online photos.

12.   I have consulted with Special Agent Bryan M. Spano ("SA
SPANO") of the Federal Bureau of Investigation's Baltimore
Division. SA Spano's work between December 2002 and the present
had dealt almost exclusively with the investigation of criminal
activity that is facilitated through the use of Yahoo! Groups.
Yahoo! Groups are essentially a web-based bulletin board service
with an associated email distribution list.   Through this
investigative experience, SA Spano has created, modified, or

7

assumed from subjects (with written consent) approximately 50 Yahoo! IDs. A Yahoo! ID is a unique account identifier with Yahoo!, and is required to access certain services on Yahoo!. Users can create multiple profiles and associate them with a single Yahoo! ID. Profiles typically are composed of information that is intended by the creator of the profile to be viewed by other users of Yahoo!'s services. SA Spano advised that based on his experience, the information posted on a Yahoo! Member Profile can only be modified after logging into Yahoo! with the associated Yahoo! ID and its corresponding password. Spano further advised that profile information probably also can be modified by Yahoo! personnel, though he knows of no circumstance in which that has ever been done, nor of any reason for which Yahoo! would do that.

## BACKGROUND ON KAZAA

13. One area by which individuals transmit and receive child pornography via the Internet is through the use of use of peer to peer ("P2P") file sharing networks. P2P file sharing is a method of communication available to Internet users through the use of special software. Computers linked together through the Internet using this software form a network that allows for the sharing of digital files/images between users on the network. A user first obtains the P2P software, such as Kazaa, which can be downloaded from the Internet. In general, P2P software allows

8

the user to set up file(s) on a computer to be shared with other users running compatible P2P software. A user obtains files/images by opening P2P software on a computer, and conducting a search for files/images that currently are being shared on the network. The download of a file/image is achieved through a direct connection between the computer requesting the file/image and the computer containing the file/image.

14. For example, a person interested in obtaining child pornographic images could open the P2P application on his/her computer and conduct a search for files/images using a term such as "preteen sex." The search is sent out over the network of computers using Kazaa. The results of the search are returned to the user's computer and displayed. The user then selects the file(s)/image(s) that he/she wants to download from the results displayed. The file/image is downloaded directly from the computer hosting the file/image. The downloaded file/image is stored in the area previously designated by the user. The downloaded file/image will remain there until moved or deleted.

15. I have consulted with Special Agent David Condo ("SA Condo") of the Federal Bureau of Investigation's Baltimore Division. SA Condo told me that files downloaded by Kazaa users are placed in a folder called "My Shared Folder," which serves as the default folder for the sharing of files through Kazaa and other peer to peer networks. If a Kazaa user has the "sharing" option enabled, Kazaa will by default designate the files in My

9

Shared Folder as eligible for sharing. A Kazaa user is able to change the settings to specify a different area of the computer hard drive to share or to disable sharing altogether. Kazaa is set up only to download files from other users that have been desiganted for sharing. A user cannot upload files to another user's computer without the consent of the user receiving the file.

16. One of the advantages of P2P file sharing is that multiple files/images may be downloaded in parallel. This means that the user can download more than one file/image at a time. In addition, a Kazaa user may download parts of one file/image from more than one source computer at a time. The advantage of this is that it speeds up the time it takes to download the file. Often, however, a user downloading an image file/image receives the entire file/image from one computer.

17. P2P file transfers are achieved through utilization of Internet Protocol (IP) addressing. An IP address, expressed as four numbers separated by decimal points, is unique to a particular computer during an online session. The IP address provides a unique location making it possible for data to be transferred between computers.

18. Kazaa software does not display IP addresses to the user. Third party software is available to identify the IP address of the P2P computer sending the file/image and to identify if parts of the file/image came from one or more IP

10

addresses. Such software monitors and logs Internet and local network traffic.

## CURRENT INVESTIGATION

19. On August 29, 2002, Richard Hunt, Detective, Colorado Springs Police Department, Colorado Springs, Colorado, acting in an undercover capacity, logged onto Yahoo! from his office in Colorado Springs, in search of individuals distributing child pornography via the Internet. Hunt received an e-mail invitation to join a Yahoo! group named "WOO2." The invitation came from the group moderator, who was not further identified. Upon joining the group, Hunt was able to download files containing images that were posted by other members of the group. Detective Hunt downloaded numerous files containing images and video clips that were sent via e-mail from members of the group, or that had been uploaded to the group itself, and made available to all group members. The majority of these images/video clips depict prepubescent minors engaged in sexually explicit conduct.

20. One of the "WOO2" members that uploaded files to the group utilized the Yahoo! identity (also known as a screen name) "avatar181." In total, Hunt's investigation identified thirty-one (31) files, all containing images, that were uploaded to the group by avatar181. I have reviewed the images contained in these files and, based on my training and experience, they are visual depictions of minors engaged in sexually explicit conduct,

11

as defined in 18 U.S.C. § 2256. A description of two of these images is as follows: in one image, "2_preteens_suck_cock(incest kiddy suck)," a prepubescent girl is holding what appears to be an adult penis, and another girl is placing his/her mouth on/along the adult penis. In the other image, "little Lolita first time2 (1)" a prepubescent girl is laying on her back with her legs spread, and an adult penis is placed in/along the child's genitalia. I will make these images available tot eh court at the time that I seek issuance of the complaint.

21. Hunt subsequently referred the results of his undercover operation to the FBI's Denver Division for further investigation.

22. On September 16, 2002, FBI Denver Division SA Robert Moen served an administrative subpoena on Yahoo! in order to obtain information on the account holder utilizing the avatar181 identity.

23. On September 18, 2002, Yahoo! advised that the avatar181 identity is utilized by the account avatar181. The account was created on August 13, 2002, at 08:26:53 Pacific Time (PT), utilizing the assigned Internet Protocol (IP) address 63.214.86.231. Yahoo! advised that the identity "luvlilgirlpussy" is also utilized by the account avatar181.

24. The registered owner of the IP address 63.214.86.231 is Level 3 Communications (Level 3), an Internet Service Provider

12

(ISP) located in Broomfield, Colorado. On November 8, 2002, SA
Moen served an administrative subpoena on Level 3 in order to
obtain subscriber information for the account holder using the IP
address 63.214.86.231 on August 13, 2002, at 08:26:53 PT.

25. On November 15, 2002, Level 3 advised the IP address
63.214.86.231 was leased to a user using the account
jaden31@netzero.net on August 13, 2002, from 12:47:51 Greenwich
Mean Time (GMT) (05:47:51 PT) to 16:47:51 GMT (09:47:51 PT).

26. NetZero is an ISP located in Westlake Village,
California. On January 15, 2003, SA Moen served an
administrative subpoena on NetZero in order to obtain subscriber
information for the account jaden31@netzero.net.

27. On January 17, 2003, NetZero provided subscriber
information for the account jaden31@netzero.net. This account
was created on August 20, 2001, and was subscribed to Derrick L.
Jones, 651 Walk Hill St., Apt. #3, Boston (Mattapan), MA, 02126.

28. On April 21, 2003, FBI Baltimore Division SA Kathleen
Kornek, acting in an undercover capacity, in an unrelated
investigation, logged onto Yahoo! from the FBI's office in
Calverton, Maryland, in search of individuals distributing child
pornography via the Internet using predicated chatrooms. SA
Kornek entered a chatroom entitled "PRETEN POSTINGS & TRADING."
While in the chatroom, SA Kornek viewed an individual in the room
using the identity "luvlilgirlpussy." SA Kornek subsequently

13

viewed the personal profile page for "luvlilgirlpussy." In this profile page, are the statements "luv fucking little girls like the way my cock feels inside them;" "looking for a partner in my pursuits of little girls;" and "I am after little pussy." Also included in the profile page was an image, contained in a file entitled "huge-one-in-small-pt21.jpg." SA Kornek subsequently downloaded this file. Based on my training and experience, the image contained in this file is a visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256. Specifically, the image appears to be of a child, bent over on her knees, with an adult penis placed in/along the child's genitalia. I will make a copy of this image available to the Court for its review at the time I seek issuance of a complaint.

29. On April 22, 2003, SA Kornek served an administrative subpoena on Yahoo! in order to obtain information on the account holder utilizing the Yahoo! identity luvlilgirlpussy.

30. On April 24, 2003, Yahoo! advised that the identity luvlilgirlpussy is registered to a user identified as Mr. Ethan Jones, of Boston, MA, 02126, utilizing the e-mail account of avatar181@yahoo.com. The account was created on August 13, 2002, at 08:26:53 PT, utilizing the assigned Internet Protocol (IP) address 63.214.86.231. This is the same account creation date and IP address information Yahoo! previously provided in response

14

to the administrative subpoena served by SA Moen on September 16, 2002, referred to above.

31.  On May 6, 2003, SA Kornek, acting in an undercover capacity, logged onto Yahoo! from the FBI's Calverton office. Kornek again viewed the personal profile page for luvlilgirlpussy.  The profile contained the same statements referred to in paragraph 20, and a different image, contained in a file entitled "LA015.jpg."  Kornek subsequently downloaded this file.  Based on my training and experience, the image contained in this file is a visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256. Specifically, the image appears to be of a child, laying on her stomach or kneeling, with an adult penis placed overtop/along her buttocks and semen on her buttocks.  I will make a copy of this image available to the Court for its review at the time I seek issuance of a complaint.

32.  On June 18, 2003, SA Kornek, acting in an undercover capacity, logged onto Yahoo! from the FBI's Calverton office. Kornek again viewed the personal profile page for luvlilgirlpussy.  The profile page contained the same statements referred to above, but again had a different image, contained in a file entitled "F571.jpg."  Kornek subsequently downloaded this file.  Based on my training and experience, the image contained in this file is a visual depiction of a minor engaged in sexually

explicit conduct, as defined in 18 U.S.C. § 2256. Specifically, the image appears to be of a pre-pubescent child facing forward, straddling and adult male, whose penis is placed in/along the child's genitalia. I will make a copy of this image available to the Court for its review at the time I seek issuance of a complaint.

33.  Based, in part, on the above information, a search warrant was obtained on July 24, 2003, from United States Magistrate Judge Lawrence P. Cohen, United States District Court for the District of Massachusetts (Criminal No. 03-M00091-LPC) authorizing the search of Jones' residence at 651 Walk Hill Street, third floor, Mattapan, Massachusetts. The warrant authorized the search for and seizure of, among other items, computer systems, computer storage media, and depictions of child pornography.

34.  On July 25, 2003, I and fellow law enforcement officers executed the search warrant at Jones' residence. Jones was not present. Two computers and computer media were seized from Jones' bedroom.

35.  Later that afternoon, on July 25, 2003, SA David George contacted Jones, and Jones agreed to be interviewed by SA George and SA Andrew Yesnowski. The interview took place that same day. During the interview, Jones stated that he had created and utilized the Yahoo! identities avatar181 and luvlilgirlpussy.

16

Jones stated he uploaded images of child pornography utilizing these identities. Jones further advised he downloaded child pornography via the Internet and maintained child pornography on his desktop computer and on several CDs (which had been seized during the search). JONES stated he has a curiosity about child pornography, but has never touched a child in a sexual manner. He stated he was sexually assaulted when he was six years old and believes this experience may have contributed to his curiosity with child pornography. JONES further stated part of him feels that because he was victimized, he should be able to victimize, likening his feelings to when "the victim becomes the perpetrator wanting to victimize others."

36.   In November 2003, an FBI CART Forensic Examiner conducted a digital forensic examination of the computer equipment and computer media seized from Jones' bedroom.  The results of this examination were contained on one (1) compact disk for further review.  The compact disk contains images that were located on the hard drive of Jones' desktop computer, as well as images located on several CDs seized from Jones' bedroom.

37.   In the forensic review, the three images posted on Jones profile page were found.  The image "huge-one-in-small-pt21.jpg, referred to in paragraph 20 above, was located on the hard drive of Jones' computer, in the path "documents and settings\evilderrick\my documents\my pictures\huge-one-in-small-

17

pt21.jpg. The image LA015.jpg, referred to in paragraph 31 above, was located on the hard drive of Jones' computer, in the path "documents and settings\evilderrick\my documents\my pictures\LA015.jpg. The image F571.jpg, referred to in paragraph 32 above, was located on the hard drive of Jones' computer, in the path "documents and settings\evilderrick\my documents\my pictures\F571.jpg."

38. The compact disk subsequently was reviewed by personnel at the FBI's Innocent Images Task Force in Baltimore, Maryland. The purpose of the review was to determine whether any of the images contained thereon matched any known child victims in the Child Victim Identification Program and the Child Exploitation and Obscenity Reference File. Approximately one hundred (100) images were recognized as involving known child victims and/or having come from child pornography books/magazines. I will describe just a few below. For example:

a. Nine (9) video files were identified as part of the "Baby J" series. The known child victim involved in that series was videotaped by her father between the ages of four and six, during the years 1999-2001. Two of the nine video files were located on the hard drive of Jones' computer, in the path "program files\Kazaa\My Shared Folder." The video file "BabyJ - sideways.mpeg," which is approximately 17 seconds long, depicts a prepubescent girl being vaginally penetrated by an adult penis.

18

The video file "BabyJ-presents.avi," which is approximately 26 second long, focuses on the vagina of a prepubescent girl who is masturbating. The remaining seven (7) video files were found on CD-ROMS seized from Jones' residence.

b. Two video files and two images were identified as part of the "Lucy" series. The images were first seen on the Internet in 1999. The suspect was apprehended in April, 2000, and was convicted of the rape of his four year old daughter. The video file "1YO3_LUC.ram," located in a folder on the hard drive of Jones' computer and approximately 47 seconds long, depicts an adult male rubbing his penis and ejaculating on the vagina of a baby girl. The image "1yo_lucy0581.jpg," located in a folder on the hard drive of Jones' computer, depicts the vagina of a baby girl covered in semen. The video file "R@ygold style - Lucy.mpg," located on a CD-ROM and approximately 8 minutes, 44 seconds long, depicts a prepubescent female, approximately preschool age, wearing a yellow shirt, naked from the waist down, lying on her back, with an adult hand raising her shirt to fondle her chest, rubbing his penis on her vagina, placing his penis partly into her vagina and masturbating himself, her spreading her legs and touching her vagina, him placing her hand on his penis and showing her how to masturbate him.

c. One video file, located in a folder on the hard drive of Jones' computer, was identified as part of the "KDV" series.

19

The video file "littleboycum.mpg," which is approximately 5
seconds long, depicts two naked boys, one of them masturbating
and ejaculating.

d.   Two images, located in folders on the hard drive of
Jones' computer, were identified as part of the "Abby" series.
The image "3yo ass shot.jpg" depicts a naked prepubescent female
crouched on her knees displaying her bottom and vagina, with the
face of an adult male, tongue out, licking her bottom.  The image
"1141132.jpg" depicts a prepubescent toddler girl, apparently
asleep and wearing a bathing suit, with an adult penis very close
to her mouth.

Based on my training and experience, these images all depict
minors engaging in sexually explicit conduct as defined in 18
U.S.C. § 2256.  I will make the images described herein, and
still images from the videos, available to the Court for its
review at the time I seek issuance of a complaint.

39.   Also found on the hard drive of Jones's computer were
multiple text stories about children engaging in sexual activity,
often with adults.

40.   On March 12, 2004, I and SA David George interviewed
Jones.  In the interview, Jones admitted that he used the
identity avatar181 to post child pornography to the Yahoo! Group
WOO2 for about a year or so prior to the seizure of his computer.
We showed Jones screen shots of twenty-nine (29) images that

20

avatar181 had posted to WOO2. Jones admitted that he recognized
all of the images as images that he had posted to the group, and
that he had obtained them from other Internet groups. Jones also
admitted that, every few weeks, he would post a new image of
child pornography to his Yahoo! "luvlilgirlpussy" profile page.
He admitted that he obtained these images from Internet groups.
He admitted that he posted and obtained child pornography to and
from the Yahoo! groups "therose," "thefreezer;" "hahtdick;" and
"hahtgirls." Jones further admitted that he shared his
collection of child pornography via Kazaa (a peer-to-peer file
sharing program), and that whatever was on his computer was
available for sharing. Jones also admitted that he had obtained
stories of adults seducing and having sex with children from the
Internet, from an individual using the screen name "luvyung."

## CONCLUSION

41. Based on the foregoing facts, there is probable cause
to believe that on or about between April 21, 2003 and June 18,
2003, Derrick L. Jones did transport in interstate commerce
visual depictions of minors engaging in sexually explicit
conduct, in violation of Title 18, United States Code, Section
2252(a)(1). There also is probable cause to believe that, on or
about July 25, 2003, Derrick L. Jones did knowingly possess
visual depictions of minors engaging in sexually explicit
conduct, which had been shipped or transported in interstate or

21

foreign commerce, in violation of Title 18, United States Code,

Section 2252(a)(4)(B).


Robert J.E. Blackmore
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me this 4th day of August, 2004.


Lawrence P. Cohen
United States Magistrate Judge

22

JS 45 (5/97) - (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet**                          **U.S. District Court - District of Massachusetts**

Place of Offense:  Boston          Category No.  II          Investigating Agency  FBI

City  Boston                          **Related Case Information:**

County    Suffolk                     Superseding Ind./ Inf.  _____   Case No.  _____
                                      Same Defendant  _____   New Defendant  _____
                                      Magistrate Judge Case Number  _____
                                      Search Warrant Case Number    03-M00091-LPC
                                      R 20/R 40 from District of  _____

**Defendant Information:**

Defendant Name  Derrick L. Jones                     Juvenile    ☐ Yes    ☒ No

Alias Name  _____

Address    26 Worcester Street, Apartment 410, Boston, MA

Birth date (Year only):  1970  SSN (last 4 #):  9308  Sex  m  Race:  _____  Nationality:  U.S.

**Defense Counsel if known:**  _____   Address:  _____

**Bar Number:**  _____

**U.S. Attorney Information:**

AUSA  Dena T. Sacco                     Bar Number if applicable  _____

Interpreter:    ☐ Yes ☒ No          List language and/or dialect:  _____

Matter to be SEALED:    ☒ Yes    ☐ No

      ☒ **Warrant Requested**          ☐ **Regular Process**          ☐ **In Custody**

**Location Status:**

**Arrest Date:**  _____

☐ **Already in Federal Custody as**  _____  in  _____ .
☐ **Already in State Custody**  _____  ☐ **Serving Sentence**  ☐ **Awaiting Trial**
☐ **On Pretrial Release:**  Ordered by  _____  on  _____

**Charging Document:**    ☒ **Complaint**        ☐ **Information**        ☐ **Indictment**

**Total # of Counts:**    ☐ **Petty**  _____  ☐ **Misdemeanor**  _____  ☐ **Felony**

**Continue on Page 2 for Entry of U.S.C. Citations**

☒      I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
       accurately set forth above.

Date:  **August 4, 2004**          Signature of AUSA:  _____

JS 45  (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant     Derrick L. Jones _____

## U.S.C. Citations

|  | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. 2252(a)(1) | transportation of child pornography | |
| Set 2 | 18 U.S.C. 2252(a)(4)(B) | possession of child pornography | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

ADDITIONAL INFORMATION: